IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CR-95-BO-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTONIO NICHOLSON, | ) | |
| Defendant. | ) | |

This matter is before the Court on movant Kenyatta Sykes's *pro se* motion for production of case documents in the instant case, in which Mr. Sykes is not a defendant. [DE 79]. The government has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 81]. Mr. Sykes argues that he is entitled to the production of certain reports and interview transcripts of defendant Antonio Nicholson and other corroborating witnesses pursuant to the Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963), in order to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255.

Mr. Sykes argues that he is seeking to prove his actual innocence, and information from Mr. Nicholson's criminal case will demonstrate that Mr. Nicholson never implicated Mr. Sykes in a criminal drug conspiracy. Mr. Sykes is outside of the limitations period for filing an appeal or motion to vacate pursuant to 28 U.S.C. § 2255, and he has already filed one unsuccessful motion under that section. *See generally United States v. Kenyatta Sykes*, No. 4:09-CR-15-F (E.D.N.C). He argues, however, that information from Mr. Nicholson's case will provide him with the facts necessary to receive permission to file a second or successive habeas petition.

Generally, habeas petitioners have no right to automatic discovery. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, they must comply with Rule 6(b) of the Rules Governing Section 2254 and 2255 Cases and "provide reasons for the request." Specifically, a habeas

petitioner must provide a particularized need for the documents he is requesting in order to establish good cause. *Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 153 (4th Cir. 1972); R. 6(a) Fed R. Gov. § 2255 Proceedings. Mr. Sykes, however, seeks the document not as part of a current § 2255 proceeding, but to request authorization to file a second §2255. *See, e.g., United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("[A] prisoner seeking to file a successive [§ 2255] application in the district court must first obtain authorization from the appropriate court of appeals."). The court of appeals considers whether the application contains, *inter alia*, "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." § 2255(h).

Mr. Sykes's motion is premature. He can raise his allegations of newly discovered evidence in a petition to the Fourth Circuit Court of Appeals for permission to file a second or successive petition. If the Fourth Circuit determines that his alleged newly discovered evidence would satisfy the burden of § 2255(h)(2), he may then request discovery necessary to his § 2255 motion, but he has not demonstrated a particularized need for the requested documents at this stage. Accordingly, the government's motion to dismiss [DE 81] is GRANTED and defendant's motion [DE 79] is DENIED.

SO ORDERED, this 15 day of July, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2